UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD EALY,

                Petitioner,                              Case Number 13-12535
                                                                     Honorable David M. Lawson
v.

MARY BERGHUIS,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Gerald Ealy ran extension cords through his neighbor's yard, leaching power from a nearby unoccupied house. When his neighbor, Marcellus Walker, directed electricians to unplug the lines, Ealy chased Walker across his yard and shot him in the leg. Ealy was charged with assault with intent to commit murder and related firearm offenses for this conduct, and he was convicted of these offenses by a jury in the Wayne County, Michigan circuit court. Ealy raised several claims of error on direct and post-conviction review, which the state courts found unpersuasive. He raises those claims again here, but because the claims were reasonably rejected by the state courts, Ealy has failed to demonstrate entitlement to habeas relief. The petition therefore will be denied.

I.

At Ealy's trial, Marcellus Walker testified that he was renovating a house he owned on Trinity Street in Detroit. Walker was in the backyard with two electricians, and the men noticed that there were extension cords running from a vacant house through the backyard and into other occupied homes in the neighborhood. The wires presented a fire-hazard, so the electricians began to disconnect them.

Ealy came outside and angrily asked the men why they were cutting off his power. Walker and Ealy then began to argue loudly. Ealy pulled a handgun from his pocket, causing Walker and the two electricians to run. Ealy fired two shots in the backyard, but no one was hit. Ealy followed Walker into the front yard, and he fired another shot that hit Walker in the thigh, sending him sprawling to the ground.

Ealy stood over Walker and said, "I'm a kill you." Trial Tr. at 160, ECF No. 23-4, PageID.599. As Ealy prepared to shoot Walker again, Walker's girlfriend screamed from inside the electricians' truck. When Ealy looked up, Walker managed to scramble to his feet and run down the street. The truck followed, picked up Walker at the corner, and he was eventually transported to the hospital.

All of this was confirmed by the testimony of Walker, the two electricians, Walker's girlfriend, and another woman at the scene. Based on this evidence, the jury found Ealy guilty of assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. The trial court sentenced Ealy as a fourth-time habitual felony offender to concurrent prison terms of 45 to 60 years for the assault and felon-in-possession offenses, and a consecutive five-year term for the felony-firearm conviction.

Ealy filed a direct appeal in the Michigan Court of Appeals raising the following claims:

I. Informing the jury that the defendant is charged with felon in possession of a weapon violates the defendant's right to be tried by his jury without his jury knowing of his prior felony conviction and denies defendant his right to due process and a fair trial pursuant to U.S. Const. Ams. IV, V.

II. The defendant was denied a fair trial where he was required to appear before the jury in jail clothing, despite the defendant's request that he be permitted to wear civilian clothing pursuant to U.S. Const, Ams V, XIV; Mich. Const. 1963, Art. 1 § 17.

III. The great weight of the evidence was insufficient to warrant a conviction and therefore the defendant's conviction for assault with intent to murder was in error

and denied the defendant his due process right to a fair trial pursuant to U.S. Const., Ams V, VI, XIV; Const. 1963, Art. 1, §§ 17, 20.

The Michigan Court of Appeals affirmed the convictions in an unpublished opinion. *People v. Ealy*, No. 30430, 2012 WL 2335337 (Mich. Ct. App. June 19, 2012). Ealy did not file an application for leave to appeal in the Michigan Supreme Court.

On June 10, 2013, about a year after the Michigan Court of Appeals denied relief, Ealy filed his habeas petition in this Court. The petition raised six claims:

> I. Defense counsel was ineffective by stipulating to the felon-in-possession for a firearm charge.
>
> II. Defendant was denied his right to due process when the trial court forced him to appear before the jury in jail clothing.
>
> III. The prosecutor failed to produce sufficient evidence for a rational jury to convict him of assault with intent to commit murder.
>
> IV. Defense counsel failed to provide Defendant with a meaningful comparison between the difference in the sentencing outcome of a conviction by trial versus a conviction by plea.
>
> V. Defense counsel's proposed defense theory in the present case was not supported by the evidence or law.
>
> VI. Defense counsel provided ineffective assistance when he talked Defendant into testifying.

Pet. at 5-11, ECF No. 1, PageID.5-11.

Ealy filed a supplemental pleading in December of 2013, adding three more claims to his petition:

> VII. Defendant's sentence violates the Eighth Amendment prohibition against cruel and unusual punishment.
>
> VIII. Defense counsel failed to conduct a pretrial investigation in this matter.
>
> IX. Defense counsel failed to call critical defense witnesses.

Pet. at 12-14, ECF No. 8, PageID 35-37.

In January of 2014, Ealy moved to stay this proceeding so he could return to state court to exhaust his ineffective-assistance-of-counsel claims. The Court granted Ealy's request, stayed the petition, and administratively closed the case. He filed his motion for relief from judgment in the state trial court raising the following claims:

> I. Defendant's assignment of errors as presented herein are not subject to the procedural default doctrine under Mich. Ct. R. 6.508(D)(3), because, as shown more fully below, he has satisfied his burden of establishing an entitlement to relief by demonstrating both "good cause" and "actual prejudice."
>
> II. Defendant is entitled to relief from judgment due to defense counsel's deficient performances resulting in Sixth Amendment constitutional deprivations of Defendant's right to the "effective" assistance of counsel. USCA Const, Am VI; Mich. Const. 1963, Art 1, Sec. 20.
>
> > A. Defense counsel performed deficiently by stipulating to admission of prior felon-in-possession conviction.
> >
> > B. Defense counsel performed deficiently by failing to move to sever felon-in-possession charge.
> >
> > C. Defense counsel was ineffective for not requesting Uniform Jury Instruction CJI2d 17.4.
> >
> > D. Defendant's fundamental right to due process, a fair trial, and the presumption of innocence was eviscerated where the trial court forced Defendant to wear prison clothing before the jury.
> >
> > E. Defense counsel was ineffective when he advised Defendant to reject a favorable plea offer on the grounds that he would not be convicted at trial.
>
> III. Appellate counsel's ineffectiveness in failing to raise the instant assignment of errors during direct appeal proceedings not only constitutes a Sixth Amendment violation, but excuses any application of the procedural default doctrine under Mich. Ct. R. 6.508(D).

The trial court denied the motion for relief from judgment in an opinion dated September 16, 2014. In its opinion, the court concluded, "Defendant has failed to make meritorious arguments which establish any error in the proceedings. Mich. Ct. R. 6.508(D)(3)(b)(1). He has therefore

failed to establish any actual prejudice which requires reversal of his convictions. Mich. Ct. R. 6.508(D)(3)(b)." Opinion at 5-6, ECF No. 23-8 at 6, PageID.834-35.

The Michigan Court of Appeals denied Ealy's ensuing delayed application for leave to appeal for "failure to establish relief under Mich. Ct. R. 6.508(D)(3)(a)," *People v. Ealy*, No. 326015 (Mich. Ct. App. May 4, 2015), as did the Michigan Supreme Court, *People v. Ealy*, 499 Mich. 881, 76 N.W.2d 537 (2016) (Table).

After seeking two extensions of time to file his amended habeas petition, which the Court granted, Ealy filed his amended petition and a motion to lift the stay. The amended petition raises the following claims:

> I. Appellate Counsel's ineffective [sic] in failing to raise the instant assignment errors Issue V(a-d) during appeal proceedings not only constitutes a Sixth Amendment violation, but excuses any application of procedural default doctrine under 6.500 et. seq. ADEPA.
>
> II. Informing the jury that Petitioner is charged with felon in possession of a weapon violates Petitioner's right to be tried by his jury without his jury knowing of his prior felony conviction and denies Petitioner his right to due process and a fair trial pursuant to U.S. Const. Ams. IV, V.
>
> III. Petitioner was denied a fair trial where he was required to appear before the jury in jail clothing, despite Petitioner's request he be permitted to wear civilian clothing pursuant to U.S. Const. Ams. V, XIV; Mich. Const. 1963, Art 1 § 17.
>
> IV. The great weight of the evidence was insufficient to warrant a conviction and therefore Petitioner's conviction for assault with intent to murder was in error and denied Petitioner his due process right to a fair trial pursuant to U.S. Const., Ams. V, VI, XIV; Const 1963, Art 1, §§ 17, 20.
>
> V. Petitioner was entitled to relief due to defense counsel's deficient performances resulting in Sixth Amendment constitutional deprivations of Petitioner's right to the effective assistance of counsel. USCA Const. Am. VI; Mich. Const. 1963, Art 1, § 20.
>
>> A. Defense counsel performed deficiently by stipulating to admission of prior felon-in-possession conviction.

> B. Defense counsel was constitutionally deficient for failing to sever Petitioner's felon-in-possession charge.
>
> C. Defense counsel was ineffective for not requesting uniform jury instruction CJI2d 17.4.
>
> D. Defense counsel was ineffective when he advised Petitioner to reject a favorable plea offer on the ground he would not be convicted at trial.

Amend. Pet. at 13-37, ECF No. 21, PageID.312-35.

The Court lifted the stay. After the respondent filed her response, Ealy filed a motion to file an amended petition, which the Court granted.

Petitioner finally filed a "Memorandum of Law in Support of Writ of Habeas Corpus" on April 17, 2018. The memorandum addressed the following claims:

> I. Defense counsel was constitutionally ineffective when he stipulated to a prior conviction for felon-in-possession charge.
>
> II. Defense counsel performed deficiently by failing to move to sever felon-in-possession charge.
>
> III. Defense counsel was ineffective for not requesting Uniform Jury Instruction CJI2d 17.4.
>
> IV. Defense Counsel was ineffective when he advised defendant to reject a favorable plea on the ground he would not be convicted at trial.

The Court interprets Ealy's pleadings as attempting to raise all of the claims he exhausted during both his direct appeal and in his state post-conviction review proceeding.

The respondent filed an answer to the petition raising the defenses of procedural default and untimeliness. The "procedural default" argument is a reference to the rule that the petitioner did not preserve properly some of his claims in state court, and the state court's ruling on that basis is an adequate and independent ground for the denial of relief. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The untimeliness argument references the requirement that a habeas petitioner

must bring his claims within one year of the date his conviction becomes final. *See* 28 U.S.C. 2244(d)(1). In this case, although the petition was stayed in this Court, the petitioner was late with his post-conviction motion filing in state court after the stay was issued. The Court finds it unnecessary to address these procedural questions. They are not a jurisdictional bar to review of the merits, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005) (procedural default); *Smith v. State of Ohio Dept. of Rehab.*, 463 F.3d 426, 429, n.2 (6th Cir. 2006) (statute of limitations), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). These procedural defenses will not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because Ealy filed his petition after the AEDPA's effective date, its standard of review applies. Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the

*dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached") (internal quotation marks and citations omitted); *see also Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 841 (6th Cir. 2017); *Dewald v. Wriggelsworth*, 748 F.3d 295, 298-99 (6th Cir. 2014); *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

Even though the state appellate courts did not give full consideration to the petitioner's federal claims on appeal, AEDPA's highly deferential standard for reviewing a habeas petitioner's

constitutional claims applies here. The petitioner must show that "the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law' or involved an 'unreasonable determination of the facts.'" *Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017) (quoting 28 U.S.C. § 2254(d)). That standard applies "even when a state court does not explain the reasoning behind its denial of relief." *Carter v. Mitchell*, 829 F.3d 455, 468 (6th Cir. 2016). "Under [*Harrington v. Richter*, 562 U.S. 86 (2011)], '[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on its merits in the absence of any indication or state-law procedural principles to the contrary.'" *Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 460 (6th Cir. 2015) (quoting *Harrington*, 562 U.S. at 99). There is nothing in this record that suggests a basis for rebutting that presumption. *See Johnson v. Williams*, 568 U.S. 289, 303 (2013).

A.

Several of Ealy's claims concern the admission at trial of a stipulation regarding his prior felony conviction to support the felon-in-possession-of-a-firearm charge.

On direct review Ealy's appellate counsel argued for adoption of a new procedure by which the fact of a defendant's prior conviction would not be disclosed at trial in any form, but in the event of a conviction on the principle offense the defendant could then plead guilty to the felon-in-possession charge. The brief on appeal acknowledged that under *Old Chief v. United States*, 519 U.S. 172 (1997), a stipulation such as the one entered into at Ealy's trial was permissible, but he argued that the rationale of *Old Chief* could be extended to justify creation of the new procedure. The Michigan Court of Appeals found that review of the claim was waived because the petitioner did not raise it, and because defense counsel expressed satisfaction with the jury instructions. *Ealy*, 2012 WL 2335337, at *1. It is not clear that Ealy continues to press this argument, but it cannot

form the basis for habeas relief because the creation of new procedural rules on habeas review is prohibited by *Teague v. Lane*, 489 U.S. 288 (1989).

In his state post-conviction motion, Ealy asserted that his trial counsel was ineffective by entering into the stipulation instead of moving to sever the charges. The trial court ruled that Ealy failed to demonstrate that he was prejudiced by the stipulation, and that his counsel was not ineffective by not moving to sever the charges because such a motion would have been denied.

This adjudication was reasonable.

A violation of the Sixth Amendment right to effective assistance of counsel is established only when the habeas petitioner shows that his attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688) (quotation marks omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates

both deficient performance and prejudice, "it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* at 687.

As the petitioner acknowledged on direct review, the Supreme Court approved the practice of allowing a defendant to stipulate to a prior generic felony conviction as preferable to allowing the prosecutor to submit evidence that identified the nature and type of the prior felony. *See Old Chief*, 519 U.S. at 191-92. The stipulation in itself, therefore, was a proper tactic. Counsel did not perform deficiently by taking advantage of the protection afforded by *Old Chief*. "[F]actual stipulations to elements of a crime are often the product of a sound trial strategy. For example, where a prior felony conviction is an element of the offense, a sound strategy may be to stipulate to the existence of the conviction rather than allow the jury to hear details about the earlier crime." *United States v. Monghan*, 409 F. App'x. 872, 877 (6th Cir. 2011) (citing *Stamps v. Rees*, 834 F.2d 1269, 1276 (6th Cir. 1987)).

Ealy's proposed alternate course of action — severing the offenses for trial — is a non-starter. As the trial court found, the two charges arose from the same incident and severance would have been denied. *See* Mich. Ct. R. 6.120(B)(1); *People v. Girard*, 269 Mich. App. 15, 17-18, 709 N.W.2d 229, 232 (2005). Ealy's argument that his prior felony involved a different incident misses the point. The prior felony was an element of *this* crime. The assault and felon-in-possession charges both concerned the Walker shooting. Counsel was not ineffective by failing to make a futile motion. *Altman v. Winn*, 644 F. App'x 637, 644 (6th Cir. 2016).

None of Ealy's claims concerning the stipulation to his prior felony conviction merit relief.

B.

Ealy next claims that his trial was rendered fundamentally unfair when he was forced to wear jail garb during trial.

Generally, a criminal defendant "should not be compelled to go to trial in prison or jail clothing because of the possible impairment" of the presumption of innocence guaranteed by the due process right to a fair trial. *Estelle v. Williams*, 425 U.S. 501, 504 (1976). Compelling a defendant to appear in prison garb impairs the presumption of innocence guaranteed under the Fourteenth Amendment because it presents the unacceptable risk of affecting a juror's judgment and furthers no essential state policy. *Id*. at 503-05. Here, however, Ealy was not compelled to wear jail garb.

On the first morning of trial, the following colloquy occurred:

[Defense Counsel]: I have a clothing issue. He's in jail garb. And —

The Court: He's actually in a white tee shirt. And the clothing issue was, since you've been here several times, brought to his attention that his family could bring clothing to the jail. And he was allowed to do that.

So — and I actually asked the last time I saw him, "Do you chose [sic] to wear the white tee shirt for trial, and —

[Ealy]: No, ma'am. She tried to bring it, and they said —- well, it wasn't — she hadn't made an appointment for it, for last Friday. She tried to drop it off; they wouldn't allow her to drop it off. They said, and proof be known, that she would be able to drop the clothing off.

The Court: Well, it was mentioned to your family several times to indicate what day, and how to get the clothing to you. And it was suggested to you that you make arrangements.

So, at this point it's — tomorrow is Tuesday, if they wanted to bring something tomorrow, that the they can.

At this point the jury is in the hall, and has been waiting in the hall approximately an hour. So, they're called in. Thank you.

Trial Tr. at 6-7, ECF No. 23-4, PageID.445-46.

The Michigan Court of Appeals, deferring to the trial court, found as a matter of fact that Ealy was not wearing jail garb at trial. *Ealy*, 2012 WL 2335337, at *2. Ealy has not offered clear

and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1) (stating that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). Therefore, it appears based on the record that Ealy was forced to wear a white tee shirt on the first day of trial, and that his family may have provided different clothing for his subsequent trial days. Courts are not required to furnish alternative clothing or to allow a defendant to wear particular clothing. *See*, *e.g.*, *United States v. Williams*, 641 F.3d 758, 767 (6th Cir. 2011); *accord Van Gorder v. Allerd*, 387 F. Supp. 2d 251, 261 (W.D.N.Y. 2005) (citation omitted) ("[A]lthough a defendant may not be compelled to stand trial in identifiable prison garb, a defendant has no right under state or federal law to be provided with any particular type of civilian clothing."); *Adams v. Smith*, 280 F. Supp. 2d 704, 718 (E.D. Mich. 2003).

Because Petitioner was not compelled to stand before the jury in clearly-identifiable prison clothing, he cannot show that he was denied a fair trial. Habeas relief is not warranted on this claim.

C.

Ealy next argues that insufficient evidence was presented at trial to sustain his conviction of assault with intent to commit murder, because there was not enough evidence offered to prove that he intended to kill Walker. The Michigan Court of Appeals rejected this claim on direct review, writing:

> On appeal, defendant only challenges the sufficiency of the evidence regarding the second element of assault with intent to murder, i.e., whether he had an actual intent to kill the victim, Marcellus Walker. Walker testified that defendant pulled out a gun in Walker's backyard during an argument the two men were having regarding an electrical wire in Walker's backyard. Walker, Kimberly Adkins, Dezaree Mitchell, Harrison Duncan, and Clarence Wade, all of whom were present at the time of this incident, testified that defendant chased Walker with a gun. Defendant shot at Walker multiple times, landing one shot on Walker's thigh. Defendant said

> to Walker "I'm a [sic] kill you." Defendant cocked the gun and took a step back. Adkins, who was watching this incident from her truck, which was parked on the grass next to Walker's home, then yelled, "No." Defendant turned, with the gun, toward Adkins inside the truck, and then ran off.
>
> Defendant testified that he had wrestled a gun away from someone in Walker's backyard and began shooting the gun in self-defense, and not with the intent to kill Walker. Defendant argues that even if he brought a gun over to Walker's backyard, the only inference that can be made is that defendant had the gun for his own protection and not with the intent to kill anyone.
>
> Despite defendant's contrary arguments, the above evidence enabled a rational jury to infer that defendant intended to kill Walker. It is for the trier of fact, rather than this Court, to determine what inferences can be fairly drawn from the evidence and to determine the weight to be accorded to the inferences. The evidence offered at trial supported the jury's verdict that defendant assaulted Walker with intent to murder him.

*Ealy*, 2012 WL 2335337, at *3.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct appeal, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In a habeas corpus proceeding, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

As with the state appellate court on direct appeal, a federal habeas court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "[A] reviewing court 'faced with a record of historical

facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (quoting *Jackson*, 443 U.S. at 326).

The state appellate court appropriately disposed of this claim. At root, Ealy asked it to reassess the weight the jury gave to the evidence. But as noted, neither appellate nor habeas courts are permitted to do that.

Moreover, there was plenty of evidence for the jury to find that Ealy intended to kill Walker. During the conversation in the back yard, Ealy produced a gun. He told Walker he was going to kill him. He shot multiple times, apparently missing. And then he chased Walker as he ran away, fired more shots, and a bullet struck Walker in the leg. This compelling evidence certainly satisfied the Due Process Clause. This claim has no merit.

D.

Ealy next asserts that he was denied the effective assistance of counsel when his attorney advised him to reject a favorable plea deal. The trial court rejected the claim, finding Ealy discussed the plea offer with his counsel before trial, Ealy stated on the record that he decided to proceed to trial, and defense counsel advanced a self-defense claim at trial.

The Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Missouri v. Frye*, 566 U.S. 134, 143-44 (2012). A criminal defendant is "entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler*, 566 U.S. at 162 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To establish prejudice in the context of a rejected plea offer, a defendant must show that but for the ineffective advice of counsel, there is a reasonable probability that the defendant would have accepted the

plea and the prosecution would not have withdrawn it in light of intervening circumstances. *Id*. at 164. The defendant must also show that the court would have accepted its terms, and that the conviction or sentence, or both, would have been less severe than under the judgment and sentence that in fact were imposed. *Ibid.*

At a pretrial hearing held a week before trial, the trial court indicated that defense counsel was "trying to obtain a better offer [for] his client. And working diligently on that." Pretrial Hrg. Tr. at 5, ECF. No. 23-2, PageID.430. Two days later, the trial court indicated that an offer of "eighteen plus five [years]" was made, but "the defendant at this point does not want to take advantage of that offer." Pretrial Hrg. Tr. at 3, ECF. No. 23-3, PageID.437. On the first morning of trial, the prosecutor had sweetened the pot, announcing that an earlier offer of "five plus five" had been made, but then noted that offer was withdrawn after objection by the victim. Trial Tr. at 4-5, ECF No. 23-4, Page ID.443-44_. The trial court directly addressed Ealy about the more recent offer and notified him of the maximum sentence of life imprisonment he faced if convicted, and Ealy indicated his desire to proceed to trial. *Id.* at 5-6, Page ID.444-45. At no point on the record did defense counsel indicate what advice he gave to Ealy about the advisability of accepting the offer. Nor does the record reflect any claim made by Ealy during trial, at sentencing, or on direct review that defense counsel promised him that his defense would succeed at trial, and that he should reject the plea offer.

Based on this record, Ealy has not demonstrated that he received bad advice or that he would have accepted the final plea offer made by the prosecution if the advice had been different. Nothing here suggests that defense counsel made any promises to Ealy about the outcome of his trial. In his motion for relief from judgment, Ealy refers to an affidavit making such an allegation, but no such document appears in the trial court record. *See* ECF No. 23-7. Ealy eventually filed

an "Offer of Proof" in the Michigan Court of Appeals, but it contains only a broad statement that "defense counsel . . . advised defendant to reject a favorable plea offer on the grounds he would not be convicted at trial." Offer of Proof, ¶3, ECF No. 23-9, PageID.877. But the trial record contradicts that conclusory allegation, suggesting instead that Ealy was not desirous of entering into any plea deal. Because of the absence of evidence to support Ealy's claim, it was reasonable for the trial court to reject this allegation of ineffective assistance of counsel. That decision did not contravene or unreasonably apply federal law.

E.

Ealy's final claim is that his counsel was ineffective by failing to request a jury instruction informing the jury that it could not find him guilty of assault with intent to commit murder if they found that the victim's conduct provoked the assault. The instruction in question, one of Michigan's pattern criminal jury instructions, states:

> If the assault took place under circumstances that would have reduced the charge to manslaughter if the person had died, the defendant is not guilty of assault with intent to commit murder.

Mich. Standard Crim. Jury Inst 2d § 17.4.

> The trial court gave the following instructions to the jury:
>
> The defendant can only be guilty of the crime of Assault with Intent to Commit Murder if he would have been guilty of Murder had the person assaulted actually died.
>
> If the assault took place under circumstances that would have reduced the charge to Manslaughter if the person died, the defendant's not guilty of Assault with Intent to Commit Murder.
>
> Voluntary Manslaughter is different from Murder, in that for Manslaughter, the following things must be true.
>
> First, when the defendant acted, his thinking must have been disturbed by emotional excitement to the point that an ordinary person might have acted on impulse, without thinking twice, from passion, instead of judgement.

> This emotional excitement must have been caused by something that would cause an ordinary person to act rashly, or on impulse.
>
> The law does not say what things are enough to do this. That's for you to decide.
>
> If a defendant is mentally or emotionally impaired in some way, you may consider that.
>
> Second, the killing itself must have resulted from this emotional excitement, for Assault with Intent to Kill.
>
> But defendant must have acted before a reasonable time for his passion to calm down, and before reason took over again.
>
> The law does not say how much time is needed; that's for you to decide. The test is whether a reasonable time passed under the circumstances of the case.
>
> If you find the crime would have been Manslaughter, had the person died, then you must find the defendant not guilty of Assault with Intent to Murder, and decide whether he's guilty of a lesser offense.

Trial Tr. at 115-16, ECF No. 23-5, PageID.764-65.

The petitioner's requested instruction was actually given to the jury. And the jury otherwise was adequately instructed that they could not find Ealy guilty of assault with intent to commit murder if they found that his acts would have constituted manslaughter had the victim died. The record undermines this last claim.

### III.

The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Date:   July 12, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 12, 2019.

s/Deborah Tofil<br>DEBORAH TOFIL

---